Thacher, J.
I am clearly of opinion that the plaintiff is not entitled to judgment. The words of the statute are express and positive that the certificate shall discharge the bankrupt from all debts by him due or owing at the time of the act of bankruptcy committed ; which decides the present case.
Sewall, J.
I cannot discover that the question whether the plaintiff may waive his remedy under the commission, in order to avail himself of a judgment against the bankrupts, arises or can be considered in this case. Questions of that sort, where they have been the subjects of decisions made in England, in the construction of the bankrupt laws there, have arisen upon facts altogether different from the case before us, and, I believe exclusively, in the case, where the creditor being * entitled to his [ * 288 ] remedy against the bail of a bankrupt, neglects that to proceed against him under the commission. There is, according to the decisions in England, a certain extent to which the creditor may proceed under a commission of bankruptcy against the principal, without being understood to desert his remedy against the bail. But this case can only happen where a judgment has been obtained by the creditor before the commission of bankruptcy, and is never a question between the creditor and bankrupt, but with his bail.
The present is a case of a long-suspended attachment, made in an action commenced several years, as it seems, before the bankruptcy of the defendants, but upon which no judgment had been *218 rendered at the time of their bankruptcy, or of issuing the commission against them. And the question now to be decided is, whethei this creditor, the plaintiff, may have judgment against the defendants, who show themselves to be certificated bankrupts, and that the debt now demanded was due before the bankruptcy, and, if it. had not been, might have been proved against them under the commission. This question seems to be determined by the 34th sect, of the bankrupt law in a manner to admit of no doubt or discretion in our decision, from any of the circumstances which have been stated in the case. That sect, describing a bankrupt, who obtains Iris certificate under a commission, declares that “ every such bankrupt shall be discharged from all debts by him due or owing at the time he became bankrupt, and all which were or might have been proved under the commission,” and prescribes the defence of such bankrupt against any action pending or which might be commenced for such debt, and that, upon producing the certificate, the bankrupt shall have a verdict as if he had not been indebted, [ * 289 ] * unless the creditor can prove the certificate to have been. obtained by fraud, or can make appear any concealment of effects by the bankrupt exceeding the value of one hundred dollars The parties have not intended, as I understand the state of facts submitted to our determination, to suggest any concealment of effects, or any fraud in obtaining the certificate. And I do not see how the Court can prevent the due operation of the certificate as allowed and required by the statute.
The plaintiff relies upon the 31 si sect., which provides for the payment of a portion-rate to every creditor, so that every creditor having a security by judgment, statute, recognizance, or specialty, or by attachment, unless after execution executed, shall not be relieved upon any such judgment, statute, recognizance, specialty or attachment, for more than a ratable part of his debt, with the other creditors of the bankrupt. It seems to be intended by this sect, that the liens therein mentioned shall be preserved for the benefit of the creditors generally, after an allowance to the particular creditor, originally entitled thereby, of his portion-rate. And this intention may be, perhaps, effected in the instances of a judgment, recognizance, or statute, which are liens complete, according to the laws of some of the states, upon the real estate of the debtor, against all persons but those claiming under the bankrupt law. But an attachment not being perfected as a lien until judgment and execution, the 34.th sect, has, in that instance, defeated the supposed intention of the 31st1 sect., if indeed such an intention may be implied from the words “ shall not be relieved for more than a ratable part of his debt.”
Sedgwick, J
In this case, it is agreed, in substance, that the *219 defendants made the note declared on ; that they became bankrupts, and duly obtained their certificate; that this debt could be legally *and in fact was proved under the commission; [ * £90 ] that before the bankruptcy, an action was commenced on the note, and the property, mentioned, attached to satisfy the judgment which might be recovered; that, on security made to the officer, the property attached was restored to the defendants, and by them sold, more than a• year before they committed the act of bankruptcy : the plaintiff now waives all advantages under the commission, and elects to pursue his legal remedy by this action. And the question for the consideration of the Court, is, whether the plaintiff, upon this state of facts, is entitled to recover.
The bankrupt act absolutely and without any exception discharges all attachments of property existing at the time of the commission ; and it enacts that “ the bankrupt shall be discharged from all debts by him or her due or owing at the time he or she became bankrupt, and all which were or might have been proved under the commission.” Now, this debt was due and owing by the defendants at the time they became bankrupts, and might have been, and in fact was, proved under the commission against them ; so that, by the express words of the statute, the defendants are discharged from the debt. The statute further provides that “in case the bankrupt shall after wards be arrested, prosecuted or impleaded for or on account of any such debts,” (debts which might have been or were proved under the commission,) “ such bankrupt may appear without bail, and may plead the general issue, and give this act and the special matter in evidence ; and the certificate of such bankrupts conforming, and the allowance thereof, according to the directions of this act, shall be, and shall be allowed to be sufficient evidence, prima facie, of the party’s being a bankrupt, within the meaning of this act, and of the commission and other* “ proceedings precedent to the [ * £91 ] obtaining such certificate, and a verdict shall thereupon pass for the defendant, unless ” the plaintiff shall prove certain specified facts, which there is no pretence can be done in the present case. Here, again, then, there are express words decisive, in this case, in favor of the defendants. But it is said by the counsel forth e plaintiff, that it never could have been the intention of congress to discharge and vacate attachments but for the benefit of creditors, and that whenever property will not, by virtue of such discharge, come to the hands of the assignees, and enure to the general benefit of the creditors, this discharge will not take place; and that as this property was actually sold more than a year before the act of bankruptcy, it never could have come to the hands of the assignee, and of course could not enure to the benefit of the creditors ; and thal *220 as the object in prosecuting this action is not to affect the defendants, but to obtain satisfaction from the officer who made the attachment, the plaintiff is entitled to recover ; and that if the bodies of the defendants or their estate should be taken, the Court would discharge them. To this it may be answered, that such a decision would be opposed to the express words of the statute : and the mischief would be the same, as it respected the defendants, as if their, bodies or goods might be immediately taken. If an action could be supported against the officer, he would have his remedy against those to whom he delivered the property, and they against the defendants. So that the manifest intention of the statute, that a discharge should be the consequence of a certificate duly obtained, would in this case be defeated—a discharge from debts which were actually proved under the commission. It is not immaterial to observe that it is to be presumed that the avails of the sale of the ships, which were sold by the defendants, increased [ * 292 ] the fund * from which the average was made for the creditors.
In the two cases which were cited from Burrow’s Reports, (a) it appears that the certificate to the bankrupt is a discharge of his bail, if it be obtained any time before the bail are fixed. This is not from any express words in the statutes of bankruptcy but to subserve their general policy in one respect, that of making the bankrupt a new man, by discharging him from all debts which might have been proved under the commission. The circumstances of the case now under consideration, are certainly as favorable to the bankrupt, as the cases reported by Burrow.
Strong, J.,
said that he clearly concurred with the judges who had already delivered their opinions.
Dana, C. J.,
(first read the case of Martin vs. O’Hara, Cowp. 824, and then) said he was of the same opinion. By the express words of the statute, whenever an action is brought for the recovery of a debt, and, pending the suit, the defendant becomes a bankrupt, and obtains a certificate, he is discharged. What is the consequence as to bail ? The rule is, that the bail are also discharged, if not fixed previous to the certificate. The attachment in the present case may be considered as similar to taking bail. But bail are never fixed, nor can be, until judgment is rendered against the principal.

Action dismissed.

 During tile argument of the counsel for the plaintiff, Sedgwick, J., mentioned the case of Woolley & Al. vs. Cobbe & Al., bail of Cobbe, a bankrupt, 1 Bur. 244, and Cockerill, assignee, vs. Owston, ibid. 436. (See also 2 Bl. Rep. 811. Walker & Al. vs Giblet & Al., bail of Treadwell. S. P.